LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq. (JSM#2632)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT BROOKLYN

---------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                              Case No. 1-02-25984-DEM
ELTRON SUPPLY, LTD.,

       Debtor.
---------------------------------------------------------X
GREGORY MESSER, ESQ., As Trustee of
the estate of Eltron Supply, Ltd.,
                                                                              Adv Pro No:

       Plaintiff,

       - against -

TECHNICAL CONSUMER PRODUCTS, INC.,
                                                                              **COMPLAINT**

       Defendant.
---------------------------------------------------------X

Plaintiff, Gregory Messer, Esq., as Chapter 11 Trustee (the "Trustee" or "Plaintiff") of the estate of Eltron Supply, Ltd. (the "Debtor") by his attorneys, LaMonica Herbst & Maniscalco, LLP ("LH&M"), as and for his complaint against defendant Technical Consumer Products, Inc. (the "Defendant"), alleges as follows:

**Jurisdiction and Venue**

1.      This adversary proceeding is brought pursuant to 11 U.S.C. §§105, 541, 542, 547 and 550, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to recover property of the Debtor's estate which has been wrongfully conveyed to the Defendant.

1

2. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and Rules 6009 and 7001, as this action arises in and under the pending Chapter 11 bankruptcy case of the Debtor.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(E),(F), and (O).

4. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

## Background

5. On December 16, 2002 (the "Filing Date") the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

6. The Debtor remained in the possession of its assets and the management of its financial affairs as a Debtor and Debtor in possession until this Court entered an Order appointing Gregory Messer as the Chapter 11 Operating Trustee.

7. On December 24, 2002, the Office of the United States Trustee appointed an official committee of unsecured creditors.

8. By Order of the Court, Gregory Messer, Esq. was appointed the Chapter 11 Operating Trustee of the estate and has duly qualified and is the permanent Trustee in this proceeding.

## The Parties

9. Upon information and belief, the Debtor is a corporation organized and existing under the laws of the State of New York.

10. The Debtor was in the business of providing national distribution of electrical products, specializing in lighting and light-related products, including light bulbs, ballasts and fixtures.

11. Upon information and belief, the Defendant is a foreigncorporation with its principal place of business located at 300 Lena Drive, Aurora, Ohio 44202, which at all times relevant, doing business in the state of New York.

12. As the permanent Trustee of the Debtor's estate, the Plaintiff is authorized to commence this action pursuant to § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

**Allegations Applicable to All Claims for Relief**

13. Upon information and belief, within ninety (90) days of the Filing Date, between September 16, 2002 and December 16, 2002, the Debtor made the following transfer of its property to the Defendant (the "Preferential Transfer"):

| **Check Number** | **Check Date** | **Date Check Paid** | **Check Amount** |
|---|---|---|---|
| **203447** | **09/10/02** | **09/17/02** | **$5,733.58** |
| **Total** | | | **$5,733.58** |

14. The Preferential Transfer is property of the estate.

15. The Preferential Transfer was made to the Defendant for services rendered to the Debtor prior to the Filing Date.

16. The Preferential Transfer was not authorized by the Court.

17. The Preferential Transfer was a transfer of property of the Debtor's estate.

18. Despite repeated demand, the Defendant has failed to turnover the Preferential Transfer.

## FIRST CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)

19. By reason of the foregoing, the Defendant is required and should be directed to immediately deliver a full written accounting to Plaintiff of all transfers of money and property to or for the benefit of the Defendant, from the Debtor, or property of the Debtor, and/or write-offs of debt owed, or were recorded as owing, to the Debtor, at any time from January 1, 2001 to the present.

## SECOND CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)

20. The Preferential Transfer of the Debtor's property to or for the benefit of the Defendant is property of the estate.

21. The Defendant failed to render adequate consideration to the Debtor for the Preferential Transfer.

22. By reason of the foregoing, Plaintiff, is entitled the entry of an Order pursuant to §§541 and 542 of the Bankruptcy Code (a) directing the Defendant to immediately turnover the value of the Preferential Transfer of the Debtor's assets, in an amount as yet undetermined, but in no event less than $5,733.58, plus interest thereon to the Trustee, and (b) a money judgment against the Defendant in an amount as yet undetermined, but in no event less than $5,733.58, plus interest thereon as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)

23. The Preferential Transfer was made within ninety (90) days of the Filing Date.

24. Upon information and belief, the Preferential Transfer was made to, or for the benefit of, the Defendant.

25. Upon information and belief, the Preferential Transfer was made on account of an antecedent debt owed by the Debtor to the Defendant.

26. The Preferential Transfer was made while the Debtor was insolvent.

27. The Preferential Transfer enabled the Defendant to receive more than it would have otherwise received: (a) in the Debtor's Chapter 11 bankruptcy case; (b) if the Preferential Transfer had not been made; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

28. By reason of the foregoing, the Preferential Transfer is voidable and recoverable by the Trustee under §§ 547(b) and 550 of the Bankruptcy Code.

29. By reason of the foregoing, the Trustee is entitled to a judgment against the Defendant: (i) setting aside the Preferential Transfer; and (ii) in the sum of $5,733.58, plus interest thereon as may be determined by the Court.

**WHEREFORE,** Plaintiff demands judgment on his claims for relief against Defendant as follows:

1. On his first claim for relief against the Defendant, the entry of an order directing the Defendant to provide a full written accounting to Plaintiff of all transfers of money and property to or for its benefit from the Debtor, or property of the Debtor, and/or write-offs of debt owed, or were recorded as owing, to the Debtor at any time from January 1, 2001 to the present;

2. On his second claim for relief against the Defendant, pursuant to §§541 and 542 of the Bankruptcy Code, an Order (a) directing the Defendant to immediately turnover the value of the Preferential Transfer of the Debtor's assets, in an amount as yet undetermined, but in no event less than $5,733.58, plus interest thereon to the Plaintiff, and (b) a money judgment against the Defendant in an amount as yet undetermined, but in no event less than $5,733.58, plus interest thereon as allowed by law;

3. On his third claim for relief against the Defendant, pursuant to §§547 and 550 of the Bankruptcy Code, a judgment (a) setting aside the Preferential Transfer, and (b) in the sum of $5,733.58, or such other amount as may be determined at trial, plus attorneys fees and costs;

4. Costs and expenses in connection with this action; and

5. Such other, further and different relief as this Court may deem just and proper.

Dated: Wantagh, New York
December 10, 2004

        **LaMonica Herbst & Maniscalco, LLP**
        Attorneys for Gregory Messer, Esq., Chapter 11
        Trustee to the Estate of Eltron Supply, Ltd.

By:   */s/ Joseph S. Maniscalco*
       Joseph S. Maniscalco, Esq. (JSM#2632)
       A Member of the Firm
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       (516)826-6500

*Eltron/Adversary/Complaint (Technical Consumer Products).wpd*